**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hesam Mohajerin, an individual, | ) | No. CV-07-1746-PHX-DGC |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| Pinal County, a political subdivision of the State of Arizona, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court are Plaintiff's motion seeking leave to amend his complaint, Defendants' partial motion to dismiss, and Plaintiff's motion to supplement his response to the motion to dismiss. Dkt. ## 11, 16, 20. For the reasons set forth below, the Court will grant Plaintiff's motion to amend, grant in part and deny in part Defendants' motion to dismiss, and deny as moot Plaintiff's motion to supplement.

**I.    Background.**

This case arises out of the allegedly wrongful arrest and detention of Plaintiff Hesam Mohajerin. According to Plaintiff's complaint, in May of 2006 Plaintiff was arrested by Defendant William Langan, a detective with the Pinal County ("County") Sheriff's Office, for the alleged sexual assault of Plaintiff's wife, Andrea Blaylock. *See* Dkt. #1 ¶¶ 12, 13, 16. Following Plaintiff's arrest, Mr. Langan, on more than one occasion, used the guise of conducting an official investigation to seduce and engage in sexual relations with Plaintiff's wife. *See id.* ¶¶ 17, 18, 24. Mr. Langan has "acknowledged his participation in a sexual relationship with Ms. Blaylock[.]" *Id.* ¶ 21. The charges against Plaintiff were dismissed, and he was released from custody in November of 2006. *See id.* ¶¶ 22, 23.

## II.     Procedural Posture of this Case.

On September 12, 2007, Plaintiff filed suit against the County, Mr. Langan and his spouse, and Christopher L. Vasquez, whom Plaintiff claims had supervisory authority over Mr. Langan (collectively, "Defendants").  Plaintiff alleges a federal cause of action – violations of his right to be free from unreasonable searches and seizures and his right to due process (Count 1).  Plaintiff also alleges several state torts – abuse of process (Count 2), intentional infliction of emotional distress ("IIED") (Count 3), negligence and/or gross negligence (Count 4), malicious prosecution (Count 5), and false arrest and imprisonment (Count 6).

On October 22, 2007, Defendants filed their answer to the complaint and, a day later, a motion to dismiss Plaintiff's complaint in part. Dkt. ## 9, 11.  On October 29, 2007, Plaintiff filed notice that he was lodging an amended complaint. Dkt. #12.  The notice stated that "[s]ince Defendants have not yet filed a responsive pleading in this matter, Plaintiff may file the [amended] complaint without leave of court or the parties to the matter." *Id*. at 1.

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party.  Fed. R. Civ. P. 15(a).  While Defendants' motion to dismiss is not a responsive pleading within the meaning of Rule 15(a), *see Miles v. Dep't of Army*, 881 F.2d 777, 781 (9th Cir. 1989), Defendants' answer is a responsive pleading, *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764, 788 (9th Cir. 2000).  As a result, Plaintiff was required to seek leave of Court to amend his original complaint.  The clerk of court accordingly informed Plaintiff that his amended complaint was filed prematurely.  *See* Dkt. #13.

On October 31, 2007, Plaintiff lodged a proposed amended complaint and filed a document labeled "Notice Regarding First Amended Complaint."  Dkt. ## 16, 17.  The parties agree that the purpose of the "notice" was to seek leave of Court to amend the original complaint. Plaintiff acknowledged that this "filing is a motion for leave to amend the complaint and should have been titled as such." Dkt. #22 at 1.  Defendants also note that the

- 2 -

1  filing "requests permission to make the proposed amendment[s]." Dkt. #23 at 1. The Court
2  therefore will treat the document as a motion to amend.

3  Finally, Plaintiff filed a motion to supplement his response to Defendants' motion to
4  dismiss. The Court will address, in turn, Plaintiff's motion to amend, Defendants' partial
5  motion to dismiss, and Plaintiff's motion to supplement his response to the motion to dismiss.

## III. Motion to Amend.

7  Rule 15(a) declares that "[t]he court should freely give leave [to amend] when justice
8  so requires." The Ninth Circuit has noted that "Rule 15's policy of favoring amendments
9  should be applied with extreme liberality." *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir.
10 1987) (citation omitted). A court may deny a motion to amend, however, if there is a
11 showing of undue delay or bad faith on the part of the moving party, undue prejudice to the
12 opposing party, or futility of the proposed amendments. *See Foman v. Davis*, 371 U.S. 178,
13 182 (1962). The party opposing amendment bears the burden of showing prejudice, futility,
14 or one of the other recognized reasons for denying a motion to amend. *DCD Programs,*
15 *LTD. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

16 Defendants argue that Plaintiff's amended complaint would be futile, as it "does not
17 cure the defects in the original complaint." Dkt. #23 at 2. As explained below, however,
18 Defendants' motion to dismiss will not result in the dismissal of all challenged causes of
19 action. Plaintiff's amendment is relevant with respect to claims that will not be dismissed,
20 and its failure to preclude dismissal of some claims is no reason to deny it. The Court will
21 grant Plaintiff's motion to amend his complaint.

## IV. Motion to Dismiss.

23 Plaintiff admits that the "amended complaint addresses some 'housekeeping' issues
24 raised by Defendants in their motion to dismiss, but does not materially change the complaint
25 with respect to the issues advanced by the Defendants." Dkt. #16 at 1. Defendants similarly
26 note that the changes in the amended complaint are directed "primarily to imprecise
27 wording" and that the amended complaint is "substantially the same as the original filing[.]"
28 Dkt. #23 at 1, 2. As the amendments generally are not substantive in nature, but instead

- 3 -

1  address technical or clerical errors, Defendants' arguments in their motion to dismiss apply
2  equally to the original complaint and the amended complaint. The Court therefore will
3  consider the merits of those arguments.

4  Defendants contend that Plaintiff's state law claims, except for Count 5, should be
5  dismissed because Plaintiff failed to comply with the Arizona notice of claim statute, A.R.S.
6  § 12-821.01, or the applicable statute of limitations, A.R.S. § 12-821. Dkt. #11. In addition,
7  Defendants contend that the due process component of Count 1 does not properly state a
8  claim for relief. *Id*.

9  A district court may not dismiss a complaint for failure to state a claim "unless it
10 appears beyond doubt that the plaintiff can prove no set of facts in support of his claims
11 which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).
12 When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are
13 taken as true and construed in the light most favorable to the non-moving party." *Smith v.*
14 *Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the court must assume that all
15 general allegations "embrace whatever specific facts might be necessary to support them."
16 *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994).

17 **A.  Compliance with A.R.S. § 12-821.01.**

18 Defendants argue that Plaintiff's state law claims, with the exception of Count 5,
19 should be dismissed for failing to satisfy Arizona's notice of claim statute, A.R.S. § 12-
20 821.01. This statute requires anyone with a claim against a public entity or employee to file
21 notice of the claim with the public entity or employee prior to initiating legal proceedings.
22 *See Tryon v. Avra Valley Fire Dist.*, 659 F.Supp. 283, 284 (D. Ariz.1986); *Pritchard v. State*,
23 788 P.2d 1178, 1183 (Ariz. 1990). A notice of claim must be filed within 180 days of the
24 claim's accrual. A.R.S. § 12-821.01(A). "[A] cause of action accrues when the damaged
25 party realizes he or she has been damaged and knows or reasonably should know the cause,
26 source, act, event, instrumentality or condition which caused or contributed to the damage."
27 A.R.S. § 12-821.01(B).

28 Plaintiff asserts that a notice of claim was filed on or about March 5 and 6, 2007, and

- 4 -

was supplemented on April 25, 2007. Dkt. #17 at ¶10.  The parties dispute when Plaintiff's claims accrue within the meaning of the notice of claim statute.  Defendants argue that Plaintiff's false arrest and imprisonment claims accrued on the date of his arrest – May 15, 2006 – and that Plaintiff's abuse of process, IIED, negligence and/or gross negligence claims, which are based on the allegedly wrongful arrest, also accrued on that date.  Dkt. #11. Plaintiff asserts that his claims accrued when the charges against him were dismissed and/or when he was released from custody – in November of 2006.   Dkt. #14.

### 1. False Arrest and Imprisonment.

Citing *Hansen v. Stoll*, 636 P.2d 1236 (Ariz. Ct. App. 1981), Defendants argue that Plaintiff's false arrest and imprisonment claims accrued on the date of Plaintiff's arrest. Dkt. #11 at 3.  Plaintiff contends that the *Stoll* court determined that the plaintiff's false imprisonment claim accrued on the date of arrest only because the plaintiff had not been imprisoned. Dkt. #14 at 6.  Plaintiff maintains that *Stoll* is consistent with his argument that his false arrest and imprisonment claims accrued on the date of his release. *Id*.

Plaintiff's understanding of *Stoll* is not supported by relevant legal authority.  This Court previously concluded that "[a] cause of action for false imprisonment or false arrest 'accrue[s] of necessity' on the date of the arrest." *Stevens v. Mohave County*, No. CV-05-1987-PCT-FJM, 2006 WL 2772635, at *3 (D. Ariz. Sept. 26, 2006) (quoting *Stoll*, 636 P.2d at 1242).  At least one Arizona case has held that false arrest and imprisonment claims accrue on the date of arrest. *See Rondelli v. County of Pima*, 586 P.2d 1295, 1297 (Ariz. Ct. App. 1978).  Plaintiff has not cited any Arizona cases that adopt his interpretation of *Stoll*.

More fundamentally, Plaintiff's position is inconsistent with the basic elements of a false arrest and false imprisonment claim. The Supreme Court of Arizona defined false arrest and imprisonment "as the detention of a person without his consent and without lawful authority." *Slade v. City of Phoenix*, 541 P.2d 550, 552 (Ariz. 1975).  As a result, "[a] detention which occurs pursuant to legal authority . . . is not an unlawful detention." *Id*. Similarly, "[i]f the arrest or imprisonment has occurred pursuant to valid legal process, the fact that the action was procured maliciously and without probable cause does not constitute

1 false arrest or false imprisonment[.]" *Id.*

2 In this case, Plaintiff would have been brought before a magistrate within twenty-four
3 hours of his May 2006 arrest. *See* Ariz. R. Crim. P. 4(a) ("A person arrested shall be taken
4 before a magistrate without unnecessary delay. If the person is not brought before a
5 magistrate within twenty-four hours after arrest, he or she shall immediately be released.").
6 Citing *Wallace v. Kato*, 127 S.Ct. 1091, 1096 (2007), Defendants assert that any false arrest
7 or false imprisonment in this case would have ended when Plaintiff was lawfully bound over
8 by a magistrate, and that his claim for those wrongs therefore would have arisen, if at all, at
9 the time of his arrest (or during the 24 hours before the magistrate made a determination that
10 he should be held). In response, Plaintiff does not assert that he was detained without
11 process, or more specifically, that he was not brought before a magistrate as required by Rule
12 4(a). *See* Dkt. #14.

13 In *Wallace*, the Supreme Court explained that because "false imprisonment consists
14 of detention without legal process, a false imprisonment ends once the victim becomes held
15 *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned
16 on charges." *Wallace*, 127 S.Ct. at 1096 (emphasis in original; citations omitted). The
17 operative word in this context is "false," not "imprisonment" – a false imprisonment claim
18 ends when the detention is validated by legal process, not when the imprisonment itself ends.
19 The Supreme Court rejected a "petitioner's contention that his false imprisonment ended
20 upon his release from custody, after the State dropped the charges against him," noting
21 instead that the claim accrued "much earlier, when legal process was initiated[.]" *Id.*

22 For these reasons, Plaintiff's claims for false arrest and false imprisonment accrued
23 in May of 2006. His March of 2007 notice was well beyond the 180-day time limit.

24        **2.    Abuse of Process.**

25 Abuse of process "'is not commencing an action or causing process to issue without
26 justification, but misusing, or misapplying process justified in itself for an end other than that
27 which it was designed to accomplish.'" *Joseph v. Markovitz*, 551 P.2d 571, 574 (Ariz. Ct.
28 App. 1976) (emphasis added) (quoting Prosser, *Law of Torts* at 856-57 (4th ed.). Defendants

- 6 -

1  contend that Plaintiff's abuse of process claim accrued at the time of his arrest, but an abuse
2  of process may occur after an arrest, during the course of litigation. *See*, *e.g.*, *Nienstedt v.*
3  *Wetzel*, 651 P.2d 876, 882 (Ariz. App. 1982) (finding that liability for an abuse of process
4  may be "imposed where the ulterior or collateral purpose involved has been to expose the
5  injured party to excessive attorney's fees and legal expenses[.]"). Here, Plaintiff alleges that
6  Mr. Langan's "investigation and assistance in the prosecution of Mr. Mohajerin," which
7  occurred after Plaintiff's arrest, constituted an abuse of process. Dkt. #17 ¶32. The Court
8  cannot say that Plaintiff would be unable to demonstrate that an abuse of process occurred
9  after his arrest and during a time that would fall within the 180-day period provided for by
10 the notice of claim statute.

11 **3. Intentional Infliction of Emotional Distress.**

12 Defendants contend that Plaintiff's IIED claim accrued when he was arrested. The
13 Court does not agree. Distinguishing the case at bar from another recent decision will help
14 illustrate why Defendants are mistaken. In *Franklin v. City of Phoenix*, No. CV-06-02316-
15 PHX-NVW, 2007 WL 1463753 (D. Ariz. May 17, 2007), a plaintiff alleged that he had been
16 beaten by City of Phoenix police officers. He was arrested, charged with criminal and civil
17 offenses, and ultimately acquitted by a jury of the criminal charges. *Id*. at *1. The plaintiff
18 filed suit, bringing an IIED claim among other causes of action. *Id*. at *2. The Court
19 determined that the claim for IIED accrued on the date of the plaintiff's arrest. *Id*. In
20 arriving at this conclusion, the Court found that the "continuing tort" doctrine did not extend
21 the point of accrual past the arrest date because the "conduct endured by [the plaintiff] at the
22 hands of the Phoenix police caused a single set of damages," referring to the beating and
23 arrest of the plaintiff. *Id*.

24 By contrast, the factual predicate underlying Plaintiff's claim of severe emotional
25 distress includes not only Plaintiff's arrest, but also the alleged circumstances surrounding
26 his incarceration – specifically, the allegation that he was detained in order to permit Mr.
27 Langan to engage in a sexual relationship with his wife. *See* Dkt. #17 ¶¶ 26, 27. Whereas
28 *Franklin* concerned damage that flowed from a single event, Plaintiff appears to allege

1 damage created from an arrest *and* an additional series of events. Moreover, the interactions
2 between Mr. Langan and Plaintiff's wife would not have been apparent to Plaintiff at the
3 time of the arrest because those interactions had not occurred and were not reasonably
4 discernable from the arrest itself. *See* A.R.S. § 12-821.01(B). Thus, any damage resulting
5 from learning of those circumstances could not have arisen at the time of arrest. The Court
6 cannot conclude that Plaintiff's IIED claim accrued at the date of arrest and therefore is time-
7 barred.

### 4. Negligence/Gross Negligence.

In Arizona, "[t]he elements of actionable negligence are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately caused by that breach." *Flowers v. K-Mart Corp.*, 616 P.2d 955, 957 (Ariz. Ct. App. 1980) (internal quotes and citation omitted). Defendants argue that Plaintiff's negligence claim accrued at the date of arrest. Dkt. #11.

The basis of Plaintiff's negligence claim, however, is not limited to the arrest. Plaintiff alleges that Mr. Langan breached "a duty of care to conduct a reasonable investigation[.]" Dkt. #17 ¶ 42. This investigation apparently occurred after Plaintiff's arrest. *See id.* ¶¶ 16, 17 (noting that Plaintiff was arrested and "Defendant Langan *then* went to the home of Plaintiff and Ms. Blaylock, purportedly to interview Ms. Blaylock.") (emphasis added). Plaintiff may be able to establish facts showing that his negligence claim accrued after his arrest and is not time-barred.

### B. Statute of Limitations.

"All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." A.R.S. § 12-821. Defendants argue that Plaintiff's state law claims (aside from Count 5) were not filed within one year of their accrual and should be dismissed. Defendants' argument appears to be premised on their contention that the date of accrual for these claims is the date of Plaintiff's arrest. As noted above, however, Counts 2-4 did not accrue at the time of arrest. Accordingly, Defendants at this stage have not carried their burden of proving that Plaintiff's suit was filed outside of

- 8 -

the applicable statute of limitations.

**C.     Due Process Claim.**

In addition to his state law causes of action, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which provides a remedy to any person who has been deprived of federal constitutional rights by individuals acting under color of state law, including police officers. *See Kentucky v. Graham*, 473 U.S. 159 (1985). Plaintiff alleges violations of two constitutional safeguards – the "right[] to be free from unreasonable searches and seizures under the Fourth Amendment" and the "right to due process as guaranteed by the Fourteenth Amendment[.]" Dkt. #17 ¶26; *see also id*. ¶27. Plaintiff clarifies that his due process claim is one based on the substantive, not procedural, protections of the Fourteenth Amendment. Dkt. #14. Defendants argue that Plaintiff's § 1983 claim arises under the Fourth Amendment alone. Dkt. ##11, 19. As a consequence, Defendants urge the Court to dismiss this federal cause of action to the extent that it is based on the Fourteenth Amendment. *Id.*

The Supreme Court and Ninth Circuit have made clear that the Fourth Amendment is not the exclusive constitutional lens through which alleged police misconduct may be judged and that a police officer's actions can, depending on the circumstances, violate an individual's Fourteenth Amendment substantive due process rights. *See, e.g., County of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998); *Fontana v. Haskin*, 262 F.3d 871, 882 n.7 (9th Cir. 2001); *Wood v. Ostrander*, 879 F.2d 583, 589-90 (9th Cir.1989). In the context of malicious prosecution, a substantive due process right "to be free from criminal prosecution except upon probable cause" does not exist, *Albright v. Oliver*, 510 U.S. 266, 268 (1994) (plurality), but a malicious prosecution claim under § 1983 may be brought where a defendant has acted with intent to deprive a plaintiff of a specific constitutional right, including a right under the Fourteenth Amendment, *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1070 (9th Cir. 2004).

Here, Plaintiff alleges that "Defendant Langan either arrested, or caused the arrest, of Mr. Mohajerin without factual basis or probable cause[.]" Dkt. #17 ¶26. Plaintiff thus appears to assert a Fourteenth Amendment substantive due process violation on the ground

1  that Mr. Langan maliciously prosecuted Plaintiff without probable cause. Such a claim is
2  precluded by *Albright* and will be dismissed by the Court. But Plaintiff alleges an additional
3  substantive due process violation – that "Defendant Langan's conduct was deliberately
4  indifferent to Mr. Mohaerin's rights, and caused the institution and continuation of the
5  prosecution against Mr. Mohajerin." *Id.* at ¶27. Though not enumerated, these "rights"
6  ostensibly refer to those mentioned in the preceding paragraph, including the "right to due
7  process as guaranteed by the Fourteenth Amendment[.]" *Id.* at ¶26. In his response, Plaintiff
8  explains that the due process right contemplated by this statement is the Fourteenth
9  Amendment's "right to liberty." Dkt. #14 at 14.[1] Therefore, consistent with *Awabdy*,
10 Plaintiff's claim that his substantive due process rights were violated by Mr. Langan's
11 deliberate indifference to his Fourteenth Amendment liberty interests may proceed.

## V.    Motion to Supplement.

Plaintiff seeks to supplement his response to the motion to dismiss in order to address more fully Defendants' argument regarding the Fourteenth Amendment. Dkt. #20. Because the Court has decided to deny the motion to dismiss on this issue, the Court will also deny Plaintiff's motion to supplement as moot.

**IT IS ORDERED:**

1. Plaintiff's motion to amend his complaint (Dkt. #16) is **granted**.
2. The clerk of court is directed to file the lodged amended complaint (Dkt. #17).
3. Defendants' partial motion to dismiss (Dkt. #11) is **granted in part and denied in part**. The following claims are dismissed: Count 1 – Plaintiff's § 1983 claim asserting that Defendants maliciously prosecuted him without probable cause, and Count 6 – false arrest and false imprisonment. The

---

[1] Plaintiff's response also asserts that this statement encompasses a First Amendment right, namely the "right of association with his wife." Dkt. #14 at 14. But the § 1983 section of Plaintiff's amended complaint makes no mention of either the right to association or the First Amendment more generally. Thus, an alleged deprivation of a First Amendment right cannot be maintained as part of the § 1983 action.

- 10 -

following claims remain: Count 1 – Plaintiff's § 1983 claim for violations of his Fourth Amendment right to be free from unreasonable searches and seizures, and for violation of his substantive due process right based on the alleged intentional deprivation of Plaintiff's Fourteenth Amendment liberty interests; Count 2 – state-law abuse of process; Count 3 – state-law intentional infliction of emotional distress; Count 4 – state-law negligence and/or gross negligence; Count 5 – state-law malicious prosecution.

4. Plaintiff's motion to supplement his response to the motion to dismiss (Dkt. # 20) is **denied** as moot.

DATED this 7th day of December, 2007.

*David G. Campbell*
David G. Campbell
United States District Judge