**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Hesam Mohajerin, an individual,

Plaintiff,

vs.

Pinal County, a political subdivision of the State of Arizona, et al.,

Defendants.

No. CV-07-1746-PHX-DGC

**ORDER**

Plaintiff has filed a Request to Enter Default against the Langan Defendants. Dkt. #34. The Langan Defendants have objected to the request and filed a reply in support of their objection. Dkt. ##36, 40. Plaintiff has responded to the objection. Dkt. #39.

Plaintiff claims that the Langan Defendants were served with a copy of the original complaint on November 20, 2007, and failed to file an answer within 20 days. The Langan Defendants dispute that they were served properly on November 20, 2007, but argue, in any event, that they have now filed an answer to the Amended Complaint that was filed on December 10, 2007.

Defendants' original Answer to the Amended Complaint was not filed on behalf of the Langan Defendants. Dkt. #35. Two days later, however, the Langan Defendants filed an Errata and Corrected Answer purporting to assert defenses on behalf of the Langan Defendants. Dkt. ##37, 38. On January 2, 2008, Defendants filed an Amended Answer, again assserting defenses on behalf of the Langan Defendants. Dkt. #41.

Even if the Clerk were to enter default on the basis of the Langan Defendants' failure to answer the original complaint within 20 days, this Court would be required to exercise

discretion in determining whether to enter a default judgment. "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Considering these factors, the Court concludes that it would not exercise its discretion to enter a default judgment against the Langan Defendants. In particular, only a brief delay has occurred since an answer to the original complaint was due; a Case Management Order has been entered (Dkt. #28), it provides ample time for discovery and motion practice, and the late filing of the Langan Defendants' answer will not delay the resolution of this case; the Court therefore cannot conclude that Plaintiff has been prejudiced by the delay; Defendants assert their belief that they had 20 days to file an answer after the filing of the Amended Complaint; and, most importantly, the strong policy favoring decision on the merits militates against the entry of a default judgment in this case. The Court will deny Plaintiff's request to enter default.

The Court is troubled, however, by the tone and language of defense counsel's reply in support of the Langan Defendants' objection to the entry of default. The reply accuses Plaintiff's counsel of "improper gamesmanship," "vexatious multiplication of this litigation," "a frivolous waste of time," making "irrational" arguments, "manipulat[ing] events," acting "in bad faith," making "groundless arguments," asserting "an absurd position," and making arguments that "are pure nonsense" and "highly unprofessional." Dkt. #40. Such language is unnecessarily strident and has no place in a court filing. The Court does not view Plaintiff's counsel as having acted improperly in this case. Even if defense counsel held that view, she is capable of making her arguments in measured and professional language and should do so in the future. The Langan Defendants' request for costs and attorneys' fees is denied.

**IT IS HEREBY ORDERED:**

1. Plaintiff's request to enter default against the Langan Defendants (Dkt. #34) is **denied**.
2. The Amended Answer filed on January 2, 2008 shall be deemed the operative defense response to the Amended Complaint.
3. All terms of the Court's Case Management Order (Dkt. #28) shall remain in effect.

DATED this 3rd day of January, 2008.

David G. Campbell
United States District Judge