**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hesam Mohajerin, an individual, | ) | No. CV-07-1746-PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Pinal County, a political subdivision of the State of Arizona, et al., | ) | |
| Defendants. | ) | |

On March 20, 2008, Defendants submitted an offer of judgment to settle this civil rights action. Dkt. #46. On April 1, 2008, Plaintiff provided notice to the Court that he accepted the offer of $25,000, "plus costs accrued as of March 20, 2008[.]" Dkt. #47. Thereafter, Plaintiff timely filed a motion for attorney's fees and costs (Dkt. #49) and a supporting memorandum (Dkt. #55).

Defendants do not dispute that Plaintiff is entitled to costs or that the "costs" contemplated by the offer of judgment include attorney's fees. Defendants instead dispute the amount due Plaintiff. Dkt. #56. Plaintiff has replied to Defendants' objections. Dkt. #57. The Court will grant Plaintiff's motion in part.

**I.    Legal Standard.**

Generally, "each party in a lawsuit ordinarily shall bear its own attorney's fees," but district courts are authorized "to award a reasonable attorney's fee to prevailing parties in civil rights litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *see* 42 U.S.C. § 1988. In determining an appropriate award of attorney's fees, the Court may look to the

1  lodestar figure, which is arrived at by "multiplying the number of hours reasonably expended
2  on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614,
3  622 (9th Cir. 1993).  This amount is "the presumptively accurate measure of reasonable
4  fees." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006) (citations omitted).  The
5  Court may adjust this amount upwards or downwards based on a consideration of the time
6  and labor required, the customary fee, and the experience, reputation, and ability of the
7  attorneys.  *Hensley*, 461 U.S. at 429-30 & n. 3.  The Court may also draw upon its own
8  experience in considering the reasonableness of the attorney's fees.  *See Chalmers v. City of
9  Los Angeles*, 796 F.2d 1205, 1214 (9th Cir. 1986).

10  **II.     Discussion.**

11       Plaintiff seeks $11,570.00 in attorney's fees and $435.32 in non-taxable costs.
12  Dkt. #55 at 1.  Defendants contend that Plaintiff's reasonable fees amount to only $2,973.00
13  in attorney's fees and $435.32 in non-taxable costs.  Dkt. #56, Ex. 2.  The Court will award
14  Plaintiff $9,206.40 in attorney's fees and $435.32 in non-taxable costs.

15       Plaintiff  argues that his counsel's hourly rate of $350.00 is reasonable under the
16  circumstances.  Dkt. #55.  Plaintiff's counsel, Joel B. Robbins, states in his affidavit that he
17  charges clients $300.00 per hour where the clients "are individuals with limited resources."
18  Dkt. #55, Ex. 2 ¶16.  He also states that most of his clients are "indigent or close thereto" and
19  cites Plaintiff as an example.  *Id*. at ¶12 ("[Plaintiff] was earning $9.75 per hour at the time
20  of his arrest and, due to his arrest and incarceration, he lost that job.").  Mr. Robbins does not
21  explain the discrepancy of ordinarily charging lower income clients $300.00 per hour and
22  charging Plaintiff, an "indigent," $350.00 per hour.  Considering this fact and the Court's
23  experience in other cases, the Court finds Plaintiff's counsel's normal rate of $300.00 per
24  hour to be reasonable.

25       Plaintiff also asks for $155.00 per hour for services performed by paralegal Evan
26  Haglund.  Dkt. #55 at 6.  Plaintiff initially provided Defendants with a summary of fees and
27  costs which listed Mr. Haglund's rate as $140 per hour.  *Id*., Ex. 1, Ex. A at 8.  Defendants
28  charge that Plaintiff has apparently inflated this rate for purposes of obtaining higher fees.

1  Dkt. #56 at 5. Plaintiff does not address why a higher fee is being sought for Mr. Haglund.
2  The Court will reduce Mr. Haglund's rate to $140 per hour. The Court finds that this is
3  reasonable. *See Hensley*, 461 U.S. at 429-30 & n. 3.

4        Defendant objects to several of Plaintiff counsel's itemized fees because they
5  aggregate multiple discrete tasks. Dkt. #56 at 9-10. Plaintiff responds that the fees in
6  question do not constitute impermissible aggregation, but instead include tasks related to a
7  single, larger task. Dkt. #57 at 9-10. The party seeking fees has the burden of proving the
8  reasonableness of its fee request. *See Hensley*, 461 U.S. at 437. To satisfy this burden, the
9  party must describe its fees with sufficient specificity to enable the Court to determine
10 whether the requested fees are reasonable. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d
11 67, 70 (9th Cir.1975). Block billing "makes it more difficult to determine how much time
12 was spent on particular activities" and thus whether the associated fees are reasonable.
13 *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). A Court may reduce the
14 requested hours where counsel has "lump[ed] together multiple tasks, making it impossible
15 to evaluate their reasonableness." *Id*. (quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d
16 962, 971 (D.C. Cir. 2004)). Counsel's aggregate time entries prevent the Court from
17 determining the reasonableness of most of those entries. The Court will reduce the aggregate
18 entries identified in Defendants' response by thirty percent, with the exception of the entry
19 on November 16, 2007. *See* Dkt. #55, Ex. 3 (chart summarizing fees); Dkt. #56 at 9-10
20 (enumerating the challenged fees).

21 **III.  Conclusion.**

22       The Court awards Plaintiff $2,661.00 ($300.00 per hour rate x 8.87 hours) for work
23 done by Mr. Robbins, $5,649.00 ($140.00 per hour rate x 40.35 hours) for work done by Mr.
24 Haglund, $716.40 ($180 per hour rate x 3.98 hours) for work done by Anne E. Fielding,
25 $138.00 ($60.00 per hour rate x 2.3 hours) for work done by Vicki Porell, and $42.00 ($60
26 per hour rate x .70 hours) for work done by Laura Hopkins. Plaintiff is awarded a total of
27 $9,206.40 in attorney's fees and $435.32 in non-taxable costs.

28

1  **IT IS ORDERED:** Plaintiff's motion for attorney's fees (Dkt. # 49) is **granted** to the extent that Plaintiff is awarded $9,206.40 in attorney's fees and $435.32 in non-taxable costs.

DATED this 24th day of June, 2008.

*Daniel G. Campbell*
———————————————————
David G. Campbell
United States District Judge

- 4 -